**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10444 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03230-DCB-BGM-1 |
| v. |  |
| ANTONIO BALTAZAR-NERI, AKA Antonio Neri Baltazar, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Arizona
David A. Ezra, District Judge, Presiding

Argued and Submitted August 13, 2013
San Francisco, California

Before: GRABER, BEA, and HURWITZ, Circuit Judges.

Antonio Baltazar-Neri appeals the sentence imposed following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The government conceded that Baltazar-Neri was not previously convicted of a "burglary of a dwelling," as that phrase is used in U.S.S.G. § 2L1.2, and therefore should not have received a sixteen-level enhancement. The government contends, however, that Baltazar-Neri's plea agreement waived his right to appeal the enhanced sentence.

**2.** We review de novo the validity of an appeal waiver. *United States v. Buchanan*, 59 F.3d 914, 916 (9th Cir. 1995). In that review, we "determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. De la Fuente,* 8 F.3d 1333, 1337 (9th Cir. 1993) (footnote omitted).

**3.** Although the plea agreement in this case contains language waiving the right to appeal, it also states that "objections" to the sentence imposed by the district court are waived only if "the sentence is consistent with this agreement." The sixteen-level enhancement is "consistent" with the plea agreement only if Baltazar-Neri was previously convicted of burglary of a dwelling. The government argues that the plea agreement allowed Baltazar-Neri to object to the improper characterization of his criminal record before the district court, not on appeal. Although that reading of the plea agreement is not implausible, when, as here, the government drafted the agreement, any ambiguities are construed in favor of the defendant. *United States v.*

*Cope,* 527 F.3d 944, 950 (9th Cir. 2008). Because the language preserving the right to object to a sentence is not expressly limited to objections before the district court, we conclude that Baltazar-Neri did not unambiguously waive his right to appeal.

**VACATED and REMANDED.**

3

*United States v. Baltazar-Neri*, 12-10444

BEA, Circuit Judge, dissenting:

I agree with the majority's analysis of the merits. I disagree with the majority's assessment of Baltazar-Neri's waiver of appellate rights. The majority concludes that Balatazar-Neri did not unambiguously waive his right to appeal. However, the majority's interpretation renders the clear language of the waiver provision meaningless in violation of our canons of contact construction.

Baltazar-Neri's sentence fell into the range provided for in the plea agreement. Thus, the sentence accorded with the terms of the plea agreement. The district court's incorrect decision with respect to whether Baltazar-Neri was convicted of a crime of violence does not mean that the sentence fails to accord with the plea agreement. If Baltazar-Neri can appeal based on the district court's analytical error, his waiver of "*any* right to appeal the imposition of sentence upon [him]" and his agreement that "this waiver shall result in the dismissal of *any* appeal . . . the defendant might file challenging [his] conviction or sentence in this case" is rendered null: Baltazar-Neri could appeal based on any trial court error, meaning no appeals are waived. The plea agreement's waiver provision should not be interpreted as meaningless. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The*

1

*Interpretation of Legal Texts* 174 (2012) (no provision should be given an interpretation which causes it to have no consequence).  Therefore, I disagree with the majority: Baltazar-Neri waived his right to appeal.